**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 21-cv-1961-WJM-NYW

AMBI DISTRIBUTION CORP., and
HAYMAKER FILMS, LLC,

      Plaintiffs,

v.

DOE, a/k/a "myflix,"

      Defendant.

---

**ORDER DENYING IN PART PLAINTIFFS' EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER, LEAVE TO CONDUCT LIMITED EXPEDITED DISCOVERY AND LEAVE TO SERVE DEFENDANT BY ALTERNATIVE MEANS**

---

This matter is before the Court on Plaintiffs AMBI Distribution Corp. and Haymaker Films, LLC's (jointly, "Plaintiffs") Ex Parte Motion for Temporary Restraining Order, Leave to Conduct Limited Expedited Discovery and Leave to Serve Defendant [Doe, also known as "myflix"] by Alternate Means ("Motion"). (ECF No. 2.) For the following reasons, the Motion is denied to the extent Plaintiffs seek a temporary restraining order.

## I. INTRODUCTION

On July 20, 2021, the Court issued an Order Directing Supplemental Briefing by Plaintiffs Addressing the Court's Personal Jurisdiction Over the Defendant and Non-Parties ("Order"). (ECF No. 7.) In the Order, the Court set forth the background and pertinent facts of this case; thus, the Court assumes Plaintiffs' familiarity with these facts and will not repeat them here. (*See id.* at 1–2.)

In the Order, the Court explained its "serious reservations about whether Plaintiffs have met their burden of establishing that the Court has personal jurisdiction over Defendant, a foreign individual residing in Egypt." (*Id.* at 4.)  Specifically, the Court emphasized that in their Motion, Plaintiffs had not provided any case law supporting their contention that the forum-selection clause contained in Name.com's Registration Agreement confers personal jurisdiction over Defendant in a lawsuit brought by a party other than Name.com, nor had Plaintiffs provided the Court with any factually similar case law in which courts have concluded that: (1) a defendant "purposefully directed" his activities at the forum state's residents by streaming pirated content on websites registered by a company located within the forum state; or (2) that a plaintiff's injuries "arise out of" these types of forum-related activities.  (*Id.*)

On July 21, 2021, Plaintiffs filed their Supplemental Brief in Support of Ex Parte Motion for Temporary Restraining Order, Leave to Conduct Limited Expedited Discovery and Leave to Serve Defendant by Alternative Means; Exhiibit [*sic*] "1" ("Supplemental Brief").  (ECF No. 8.)  Plaintiffs argue that specific personal jurisdiction is appropriate under the Colorado long-arm statute or the federal long-arm statute and clarify that they do not assert general personal jurisdiction.  (*Id.* at 1–2.)  For the following reasons, the Court finds that Plaintiffs have not met their burden under either statute, and thus, they are not entitled to a temporary restraining order.

## II. LEGAL STANDARD

Injunctive relief is an extraordinary remedy that should be granted only when the moving party clearly and unequivocally demonstrates its necessity.  *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).  A party seeking a preliminary injunction

2

or temporary restraining order must show: (1) the movant is substantially likely to succeed on the merits; (2) the movant will suffer irreparable injury if the injunction is denied; (3) the movant's threatened injury outweighs the injury the opposing party will suffer under the injunction, or, put differently, that the balance of equities tips in the movant's favor; and (4) the injunction would not be adverse to the public interest. *Fish v. Kobach*, 840 F.3d 710, 723 (10th Cir. 2016); *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009); *Kaplan v. Bank of N.Y. Mellon Trust Co.*, at *1 (D. Colo. 2010) (citing *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980)) (noting that the four elements apply to both preliminary injunctions and temporary restraining orders and that "the same considerations apply" to both forms of injunctive relief). Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888–89 (10th Cir. 1989), is the "exception rather than the rule," *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

### III. ANALYSIS

A court does not have the power to order injunctive relief against a person without *in personam* jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (recognizing that personal jurisdiction is "an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." (alterations incorporated; quotation marks omitted)); *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014) ("In order for the district court's preliminary injunction to be valid, that court had to have personal jurisdiction over the defendant."). In light of this authority, the Court first

considers whether it has personal jurisdiction over Defendant, taking into consideration that in the preliminary stages of litigation, a plaintiff's burden to prove personal jurisdiction is "light."  *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008).

### A.    Personal Jurisdiction Based on Federal Question Jurisdiction

In the Complaint, Plaintiffs allege that the Court has subject matter jurisdiction under "17 U.S.C. §§ 101, *et. seq.*, (the Copyright Act), Section 39 of the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (patents, copyrights, trademarks, and unfair competition), and 28 U.S.C. § 1367(a) (supplemental jurisdiction)."  (ECF No. 1 ¶¶ 2, 4.)  Plaintiffs do not allege that this Court has diversity jurisdiction.  (*See generally* ECF No. 1.)

####        1.    Whether the Federal Statutes Authorize Service of Process

Prior to exercising personal jurisdiction over a defendant based on federal question jurisdiction, a district court must determine "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process."  *Tyrrell v. Lexidan, Inc.*, 2020 WL 996877, at *2 (D. Colo. Mar. 2, 2020) (quoting *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal citations and quotation marks omitted)).  If the federal statute is silent as to service of process, a district court looks to the law of forum state.  *Id.*

As an initial matter, the Court notes that Plaintiffs ignore this aspect of the personal jurisdictional analysis.  Instead of addressing whether the pertinent federal statutes potentially confer jurisdiction by authorizing service of process on Defendant, Plaintiffs skip ahead to whether the Court may exercise jurisdiction under the Colorado

long-arm statute, which would be appropriate under a case invoking the Court's diversity jurisdiction—which the Complaint does not do.

Nonetheless, because *Trujillo* states that the Court "must determine" this issue, the Court now does so. *Trujillo*, 465 F.2d at 1217. 17 U.S.C. § 501 and § 1202 are silent as to service of process. *See Tyrell*, 2020 WL 996877, at *2 (citing *Job Store, Inc. v. Job Store of Loveland, Ohio, LLC*, 2016 WL 9735786, at *2 (D. Colo. Sept. 7, 2016)). Similarly, the Lanham Act does not authorize nationwide service of process (much less worldwide service, which would be required here to serve this Egyptian defendant). *See Job Store*, 2016 WL 9735786, at *2. A fellow judge in this District has observed that "§ 1338 jurisdiction" leads to Colorado's long-arm statute, implying there is also no provision for service of process under that statute. *See Tyrell*, 2020 WL 996877, at *2. And the Court sees no provision for service in 28 U.S.C. § 1367. Therefore, given that the federal statutes are silent as to service of process, the Court must analyze the application of personal jurisdiction under both Colorado's long-arm statute and the Constitution. *See id.*

2. <u>Colorado Long-Arm Statute</u>

The Colorado long-arm statute, Colorado Revised Statutes § 13-1-124, has been construed to extend jurisdiction to the full extent permitted by the Constitution, so the jurisdictional analysis in this case reduces to a single inquiry of whether jurisdiction offends due process. *See Job Store*, 2016 WL 9735786, at *2 (citing *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1276 (10th Cir. 2005); *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005)); *see also Tyrell*, 2020 WL 996877, at *3 (noting that there is no need for a long-arm statutory analysis separate from the due process inquiry required by *International Shoe Co. v. State of Washington*, 326 U.S. 310

5

(1945) and its progeny). Personal jurisdiction comports with due process where a defendant has minimum contacts with the forum state and where those contacts are such that assuming jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316.

The specific jurisdiction analysis is two-fold. First, the Court must determine whether Defendant has such minimum contacts with Colorado that he "should reasonably anticipate being haled into court" here. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Within this inquiry, the Court must determine whether Defendant purposefully directed his activities at residents of the forum, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985), and whether Plaintiffs' claims arise out of or results from "actions by . . . defendant[s] . . . that create a substantial connection with the forum State," *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 109 (1987) (internal quotations omitted). Second, if Defendant's actions create sufficient minimum contacts, the Court must consider whether the exercise of personal jurisdiction over Defendant offends "traditional notions of fair play and substantial justice." *Job Store*, 2016 WL 9735786, at *5 (citation omitted). This latter inquiry requires a determination of whether the Court's exercise of personal jurisdiction over Defendants is "reasonable" in light of the circumstances of the case. *Id.* In determining whether a court's exercise of personal jurisdiction is reasonable, the Tenth Circuit directs a court to look to the following factors:

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies.

6

*Trujillo*, 465 F.3d at 1221 (citation omitted). "[T]he weaker the plaintiff's showing on minimum contacts, the less a defendant need show in terms of unreasonableness to defeat jurisdiction." *Id.*

        a.    *"Traditional Notions of Fair Play and Substantial Justice"*

Although the "traditional notions of fair play and substantial justice" inquiry is typically analyzed after minimum contacts, under the circumstances, the Court finds it appropriate to address this issue first. In the Motion and the Supplemental Brief, Plaintiffs fail to address why the exercise of personal jurisdiction over Defendant is reasonable in light of the circumstances of the case. (ECF No. 2 at 9–10; *see generally* ECF No. 8.) On this basis alone, the Court finds that Plaintiffs have not met their light burden of demonstrating that the Court may exercise personal jurisdiction over Defendant.[1] Nevertheless, the Court also will explain why it finds that Defendant also lacks minimum contacts with Colorado.

        b.    *Minimum Contacts*

Plaintiffs contend that Defendant committed intentional acts which were purposefully directed to Colorado. (ECF No. 8 at 2.) Specifically, they argue that: Defendant registered his website domain with the Colorado company Name.com; Defendant repeatedly publicly performs (streams) copies of Plaintiffs' motion picture *Haymaker* from a server of the Colorado company Name.com; and Defendant's actions of repeatedly performing copies of Plaintiffs' motion picture without a license are

---

[1] Given Plaintiffs' failure to address this issue, the Court will not explicitly analyze the factors under this prong. Nonetheless, the Court underscores that it appears as though exercising personal jurisdiction over Defendant, a John Doe defendant who resides in Egypt, *would* offend traditional notions of fair play and substantial justice.

7

violations of paragraph 12b of the Web Hosting Service Agreement Defendant agreed to with Name.com when he agreed to host the websites in Colorado with the Colorado company Name.com.  (*Id.*)  Further, they assert that Defendant chose to host the website in Colorado and agreed to be subject to the jurisdiction of Colorado courts.  (*Id.* at 3.)  They also allege that Defendant "receives financial compensation from advertisements on Defendant's websites from visitors in Colorado . . . from Google based upon advertisements tailored to visitors from Colorado (*see* Decl. of Kessner at ¶¶ 9–10);[2] and that Defendant allows and encourages his users to register for accounts with his website and even login through the US social media companies Facebook and Google."  (*Id.* at 4.)

The Court finds Plaintiffs' arguments regarding Defendant's minimum contacts with Colorado unavailing.  At bottom, Plaintiffs rely on Defendant's alleged use of a Colorado company's server, which hosts Defendant's websites, as evidence of minimum contacts.  They argue that the forum selection clause in Name.com's Registration Agreement is "evidence that Defendant knows he has established a relationship with Colorado and is causing harm in the [*sic*] Colorado."  (*Id.* at 3.)  However, Plaintiffs have not shown that Defendant is even aware that Name.com is a Colorado company, or that Defendant read or was aware of the forum selection clause in Name.com's Registration Agreement.  Additionally, Plaintiffs cite no binding Tenth Circuit authority to support this point.  Instead, for support, they cite an unpublished

---

[2] The Court reviewed the Kessner Declaration, paragraphs 9–10, and finds that the statements do not clearly or sufficiently support the idea that Defendant is receiving financial compensation from advertisements on his websites from visitors in Colorado.  (See ECF No. 1-2 ¶¶ 9–10.)  The advertisement for "www.gearbest.com" does not appear to have any connection to Colorado, nor does it demonstrate that Defendant is receiving compensation from Google.

8

opinion from the District of Hawaii, *Hunter Killer Productions v. Zarlish*, 2020 WL 2064912, at *5 (D. Haw. Apr. 29, 2020). The Court declines to follow this unpublished opinion from outside the Tenth Circuit.

Plaintiffs also argue that Defendant "is undoubtedly aware that his actions would cause injury, the brunt of which would be felt in Colorado and the US." (ECF No. 8 at 3.) However, Plaintiffs cite nothing to support this statement which would show that Defendant *was* "undoubtedly aware" of that which Plaintiffs claim. While the Court accepts all well-pleaded facts as true, it need not accept mere speculation and conclusory statements of counsel.

To the extent Plaintiffs rely on *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1248 (10th Cir. 2000) to support the argument that use of a computer or network service located in a particular state creates sufficient contacts to establish personal jurisdiction, the Court finds *Intercon* distinguishable. In *Intercon*, the court relied heavily on the fact that the defendant had notice that it was routing its customers' e-mail through the Oklahoma mail server and that the unauthorized traffic was causing problems for the Oklahoma-based company. *Id.* Here, however, the Court finds that Plaintiffs have not similarly demonstrated that Defendant has notice that Name.com's server is in Colorado. All of the other cases Plaintiffs cite are from outside the Tenth Circuit. (ECF No. 8 at 5.) Based on Plaintiffs' showing at this stage of the litigation, the Court cannot find that Defendant has minimum contacts with Colorado that support the exercise of specific personal jurisdiction over Defendant pursuant to Colorado's long-arm statute.

**B.   Personal Jurisdiction Under the Federal Long-Arm Statute**

Federal Rule of Civil Procedure 4(k)(2) provides:

9

>   Federal Claim Outside State-Court Jurisdiction.  For a claim
>   that arises under federal law, serving a summons or filing a
>   waiver of service establishes personal jurisdiction over a
>   defendant if:
>
>   (A) the defendant is not subject to jurisdiction in any state's
>   courts of general jurisdiction; and
>
>   (B) exercising jurisdiction is consistent with the United States
>   Constitution and laws.

Plaintiffs argue that alternatively, the Court has personal jurisdiction over Defendant under Rule 4(k)(2), the federal long-arm statute, because: (1) Plaintiffs' claims arise under federal law; (2) Defendant purposely directed his electronic activity into the United States by using the domain registration and hosting service of Name.com in Colorado and the DNS service of Cloudflare in California; (3) Defendant did so with the manifest intent of engaging in business or other interactions with Name.com and Cloudflare and thus in the United States; (4) Defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (5) exercising jurisdiction is consistent with the United States Constitution and laws.  (ECF No. 2 at 10.)  In the Supplemental Brief, Plaintiffs make some additional, more specific arguments regarding the Court's purported personal jurisdiction over Defendant under the federal long-arm statute.  (ECF No. 8 at 6.)

However, in neither the Motion nor the Supplemental Brief do Plaintiffs support their argument that the Court has personal jurisdiction under Rule 4(k)(2) with citations to Tenth Circuit case law.  Instead, Plaintiffs merely cite their complaint and the general rule.  (ECF No. 2 at 10; ECF No. 8 at 6.)  "A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point.'"  *Phillips v.*

10

*Calhoun*, 956 F.2d 949, 953–54 (10th Cir. 1992) (quoting *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990)); *see also United States v. Hunter*, 739 F.3d 492, 495 (10th Cir. 2013) (cursory argument not meaningfully developed by any analysis or citation is deemed waived). The Court provided Plaintiffs with a "second bite at the apple" by allowing them to submit supplemental briefing on the issue of personal jurisdiction. Their submission fell short on this point, among others. Therefore, the Court cannot conclude it has personal jurisdiction under the federal long-arm statute.

Because the Court finds that Plaintiffs have not met their burden of establishing personal jurisdiction at this stage of the litigation, the Court finds they have also failed to show a likelihood of success on the merits. Under these circumstances, the Court need not analyze the remaining factors for granting a temporary restraining order.[3]

## IV. CONCLUSION

For the reasons explained above, Plaintiffs' Ex Parte Motion for Temporary Restraining Order, Leave to Conduct Limited Expedited Discovery and Leave to Serve Defendant by Alternate Means (ECF No. 2) is DENIED to the extent Plaintiffs seek a temporary restraining order. By separate order, the Court will refer the remainder of Plaintiffs' requests to United States Magistrate Judge Nina Y. Wang for a decision.

---

[3] Because the Court finds it cannot issue a temporary restraining order on the aforementioned grounds, the Court will not address Plaintiffs' arguments that the Court has the authority to enjoin certain third parties. (ECF No. 8 at 6.)

Dated this 28th day of July, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge